UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK D. SIEVERS,

       Petitioner,

v.                         Case No:  2:23-cv-237-JES-NPM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

       Respondent.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Petitioner Mark D. Sievers' Objection to Order Denying Motion to Appoint Federal Habeas Counsel (Doc. #7).  Sievers is a death-sentenced prisoner of the Florida Department of Corrections.  The Florida Supreme Court affirmed Sievers' conviction and sentence, and he has a petition for certiorari pending before the United States Supreme Court in his direct appeal.  Sievers has not yet sought relief in Florida post-conviction proceedings and has not filed a petition pursuant to 28 U.S.C. § 2254.  He is represented by the Office of the Public Defender for the Tenth Judicial Circuit in Bartow, Florida in his pending direct appeal and by the Law Office of the Capital Collateral Regional Counsel – Middle (CCRC) in anticipated state post-conviction proceedings.

    Sievers commenced this action with a Motion to Appoint Federal Habeas Counsel (Doc. #1).  He asks the Court to appoint the Capital

Habeas Unit (CHU) of the Federal Public Defender for the Middle District of Florida as federal habeas counsel. Sievers argues he is entitled to appointment now so the CHU can begin assisting him in the research and investigation of potential federal post-conviction claims.

United States Magistrate Judge Nicholas P. Mizell denied the motion because Sievers has not exhausted his state post-conviction remedies:

> An indigent and prospective federal-capital-habeas petitioner is entitled to federal-habeas counsel before the filing of a habeas petition, but not until the petitioner exhausts all available state remedies. See Alcegaire v. Sec'y, Fla. Dep't of Corr., 588 F. Supp. 3d 1267, 1271-73 (M.D. Fla. 2022) (citing McFarland v. Scott, 512 U.S. 849, 855 (1994); In re Lindsey, 875 F.2d 1502, 1506 (11th Cir. 1989)), reconsideration denied, No. 8:21-CV-2244-KKM-TGW, 2022 WL 2643857 (M.D. Fla. July 8, 2022). Sievers has not exhausted his state remedies, so his request for federal-habeas counsel (Doc. 1) is premature and **DENIED without prejudice.**

(Doc. #6 at 1-2.) Sievers objects to Judge Mizell's Order, but the Court finds those objections unpersuasive.

It is undisputed that Sievers, as an indigent and prospective federal-capital-habeas petitioner, is entitled to the appointment of federal-habeas counsel before the filing of a federal habeas petition. 18 U.S.C. § 3599(a). Judges in this district have granted death-row inmates' pre-petition motions to appoint counsel before the inmate has exhausted state post-conviction remedies. E.g., Davis v. Sec'y, Fla. Dep't of Corr., Case No. 8:19-cv-2418-

- 2 -

WFJ-AEP, Doc. 6 (M.D. Fla. Dec. 12, 2019); Bright v. Sec'y, Fla. Dep't Corr., Case No. 3:20-cv-00673-MMH-PDB, Doc. 3 (M.D. Fla. July 1, 2020); Bargo v. Sec'y, Fla. Dep't Corr., Case No. 5:21-cv-355-TPB-PRL, Doc. 4 (M.D. Fla. Aug. 2, 2021); Deviney v. Sec'y, Fla. Dep't of Corr., 3:21-cv-816-TCJ-MCR, Doc. 4 (M.D. Fla. Aug. 25, 2021); Newberry v. Sec'y, Fla. Dep't of Corr., 3:21-cv-452-BJD-PDB, Doc. 6 (M.D. Fla. May 4, 2021). Magistrate Judge Mizell denied Sievers' request for such a pre-petition appointment of federal counsel as premature based on a more recent district court opinion, Alcegaire v. Sec'y, Fla. Dep't of Corr., 588 F. Supp. 3d 1267, 1271-73 (M.D. Fla. 2022). The undersigned is persuaded by Alcegaire, and therefore overrules Sievers' objections. Sievers is still proceeding with his direct appeal from his state-court conviction and sentence, and he has not begun any post-conviction proceedings in state court. Either proceeding could make any federal habeas proceedings moot, or at least postpone ripeness for years.

Sievers relies heavily on McFarland v. Scott, 512 U.S. 849, 855 (1994), but that case is distinguishable. McFarland was convicted of capital murder in Texas. After the state conviction became final, the Texas trial court scheduled the execution. The state courts refused to appoint state post-conviction counsel. With the execution date fast approaching, McFarland asked a federal district court to appoint counsel to pursue federal habeas relief.

The federal district and appellate courts denied McFarland's request because he had not yet filed a legally sufficient habeas petition in federal court, so there was no federal post-conviction proceeding pending. McFarland, 512 U.S. at 851-53. The Supreme Court reversed. It held that a "post conviction proceeding" within the meaning of the statute[1] "is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." Id. at 856-57.

Unlike McFarland, Sievers' state-court conviction is not final. Additionally, unlike McFarland, Sievers is already represented by state-court post-conviction counsel who can assist him in the investigation and research of post-conviction claims. Any work performed by the CHU at this stage of the case would almost certainly be duplicative of—and possibly detrimental to—the CCRC's post-conviction efforts.[2] Section 3599(a) "provides for counsel only when a state petitioner is unable to obtain adequate representation." Harbison v. Bell, 556 U.S. 180, 189

---

[1] At the time McFarland was decided, 21 U.S.C. § 848(q)(4)(B) controlled the appointment of federal habeas counsel. In 2006, Congress appealed § 848(q) and included the language of § 848(q)(4)(B) in the new 18 U.S.C. § 3599(a)(2). See USA Patriot Improvement and Reauthorization Act of 2005, H.R. 3199, 109th Cong. (2006) (enacted).

[2] The CCRC opposed early appointment of the CHU in Alcegaire. The CCRC has not appeared here, and Sievers does not claim he notified the CCRC of his motion to appoint the CHU.

(11th Cir. 2009).  <u>McFarland</u> does not require the Court to appoint the CHU to represent Sievers at this time.

Accordingly, it is hereby

**ORDERED:**

(1)  Petitioner's Objections are overruled and United States Magistrate Judge Nicholas P. Mizell's Order dated July 26, 2023 (Doc. #6) is **AFFIRMED.**

(2)  Petitioner Mark D. Sievers' Motion to Appoint Federal Habeas Counsel (Doc. #1) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   6th   day of September 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record